UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SCOTT JOHNSON, | No. 2:17-cv-02476-JAM-AC |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WINTERSTAR LLC, MY THREE SONS AUTO SALES LLC, and KJJ CORPORATE., | |
| Defendants. | |

This matter is before the court on plaintiff's motions for discovery and sanctions. ECF No. 23 and 25. These motions were referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). For the reasons stated below, the court recommends that plaintiff's motion for discovery sanctions at ECF No. 23 be granted, that discovery sanctions issue in the form of default judgment against defendants, and that this case be closed. The motion at ECF No. 25 should be denied as moot.

**I.      Relevant Background**

As stated in his Complaint, plaintiff is a California resident with physical disabilities, including the inability to walk and manual dexterity impairments. ECF No. 1 at 1-2. Defendant Winterstar LLC owned real property located at 3805 Florin Road, Sacramento, CA from at least June 2017 through November 27, 2017, the date the complaint was filed. Id. at 2.  During this

1  time, defendant My Three Sons Auto Sales LLC owned the "My Three Sons Auto Sales"

2  business located on the property. Id. at 2-3.  Also during this time, defendant KJJ Corporate

3  owned the "Johnny Auto Sales" business located on the property. Id.  My Three Sons Auto Sales

4  ("MTS") and Johnny Auto Sales ("JA") are facilities open to the public, places of public

5  accommodation, and business establishments. Id. at 4.  MTS and JA offer parking on the

6  property. Id.

7        Plaintiff visited MTS and JA on a number of occasions including June 2016 (twice), July

8  2016 (once), March 2017 (once), June 2017 (once), July 2017 (once), August 2017 (once), and

9  September 2017 (once). ECF No. 1 at 5, 7.  Plaintiff alleges he encountered many accessibility

10  problems, including but not limited to: lack of a parking space in compliance with the Americans

11  with Disabilities Act Accessibility Guidelines (ADAAG), a path of travel to the establishments

12  that included a step with no ramp, a business office that could only be accessed by a flight of

13  stairs with no ramp, and an entryway to MTS that included a pull-bar handle that requires tight

14  grasping to operate. Id. at 5-6.  Plaintiff encountered each of these barriers during his visits in

15  2016 and 2017. Id. at 6.  Plaintiff asserts that the various violations could be easily and cheaply

16  resolved, but defendants have failed to act. Id. at 8.  Plaintiff alleges he will return to the

17  businesses when the barriers are removed. Id.

18        On November 27, 2017, plaintiff filed this action alleging violations of the American's

19  with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ.

20  Code § 51-53. ECF No. 1.  The summons and complaint were timely served on defendants.  ECF

21  Nos. 4-5.  Defendants answered and appeared with counsel. ECF No. 6.  On December 28, 2017,

22  the District Judge stayed this case for the parties to discuss settlement.  ECF No. 7.  On February

23  8, 2018, the parties entered the court's Voluntary Dispute Resolution Program.  ECF No. 8. On

24  June 14, 2019, a docket entry noted that VDRP had not been successful.  On September 16, 2019,

25  following the submission of a joint status report, the District Judge entered a scheduling order.

26  ECF No. 16.

27        On March 20, 2020, plaintiff filed a motion to compel initial disclosures.  ECF No. 19.

28  Defendants filed a statement of non-opposition, requesting 20 days to make the initial disclosures.

ECF No. 21.  The motion was granted, and defendants were instructed to provide initial disclosures by May 11, 2020.  ECF No. 22.  On June 16, 2020, plaintiff brought a motion for sanctions, asking in part for default judgment to be entered against defendants.  ECF No. 23.  Defendants did not respond.  On July 1, 2020, plaintiff filed a motion to compel.  ECF No. 26.  Defendants did not respond.

Upon review of the docket, the undersigned concluded that the defendants might have abandoned this case.  Accordingly, a minute order was issued on August 12, 2020, ordering defendants to show cause why default judgment should not be entered as a discovery sanction.  ECF No. 27 at 2.  The court also ordered supplemental briefing on the issue of default judgment from plaintiff.  Id.  Plaintiff filed the required supplemental briefing.  ECF No. 28.  Defendants, who are represented by counsel, failed to respond to the Order to Show Cause.  To date, defendants have not produced the previously ordered initial disclosures and have not participated in discovery whatsoever.  ECF Nos. 23-1; 25-1 at 2.  Defendants' complete failure to participate in discovery, and their failure to respond to plaintiff's motions or the court's Order to Show Case, compels the conclusion that they have abandoned defense of this case.

## II.    Motion

Plaintiff made a motion for discovery sanctions, the first of which sought default judgment against defendants as a sanction.  ECF Nos. 23-1 at 4.  The second motion sought production and monetary sanctions.  ECF No. 25-1 at 5.  In supplemental briefing on the issue of default judgment as a sanction, plaintiff clarified that he sought:

1. [I]njunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

2. Damages under the Unruh Civil Rights Act provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

ECF No. 28 at 7.

**III.    Analysis**

A. <u>Terminating Discovery Sanctions Are Appropriate</u>

The rules of discovery in federal cases permit the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); <u>see also</u> <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 946-49 (9th Cir. 1993) (upholding a district court's dismissal of an action as a discovery sanction). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe . . .[o]nly willfulness, bad faith, and fault justify terminating sanctions." <u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citations omitted).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." <u>Connecticut Gen. Life Ins. Co.</u>, 482 F.3d at 1096 (internal citations omitted). The district court need not find each factor favors dismissal as a condition precedent to terminating sanctions; instead, these factors provide a framework for the court's analysis. <u>Id.</u> "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." <u>Id.</u> (internal citations omitted).

The history of this case clearly favors entry of default judgment as a sanction. Because defendants have abandoned the case, the only way to fulfill the public's interest in an expeditious resolution of litigation is to enter default judgment. Likewise, defendants' abandonment requires default judgment for the court to effectively manage its docket. Defendants are not unduly prejudiced by these drastic sanctions as they have entirely failed to participate in discovery.

1 Moreover, defendants were put on notice that the undersigned feared they had abandoned this
2 case and that entry of default judgment would be necessary, were given an opportunity to respond
3 and prevent that outcome, and still did not respond.  The last two factors favor default judgment
4 because a decision on the merits is not possible without defendants' participation, and less drastic
5 sanctions will not be effective because the defendants have abandoned this case.  Because
6 discovery sanctions in the form of a default judgment are necessary, the undersigned now turns to
7 the terms of judgment.

   B.  Terms of Judgment

   Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

   *1.  Attorney's Fees*

   Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium).  The hourly rate is generally calculated "according to the prevailing market rates in the relevant legal community."  Blum v. Stenson, 465 U.S. 886, 895 (1984).  It is also the general rule that the court will use the rates of attorneys practicing in the forum district.  Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993).

   Plaintiff requests that the issue of attorneys' fees and costs be deferred until judgment is entered.  ECF No. 28 at 17-18.  Thus, the court does not reach this issue other than to find attorneys fees and costs will issue in an amount to be determined after entry of judgment upon a timely motion by plaintiff.

   *2.  Statutory Damages*

   The Unruh Civil Rights Act provides, among other things, for minimum statutory damages of $4,000 per violation.  Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination").  "The general consensus of cases allow for a plaintiff to recover statutory damages for multiple

visits to a facility." Johnson v. Guedoir, 218 F. Supp. 3d 1096, 1103 (E.D. Cal. 2016) (Nunley, J.). Plaintiff alleges that he visited the defendants eight times in 2016 and 2017. Accordingly, he seeks a total of $32,000.00 in statutory damages pursuant to California Civil Code § 52(a). ECF No. 28 at 18. In the default judgment context, including default judgment as a discovery sanction, the well-pleaded factual allegations of the complaint are accepted as true. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Plaintiff is therefore entitled to statutory damages for eight visits, in a total amount of $32,000.00.

### 3. Injunctive Relief

Plaintiff's complaint seeks an injunction requiring defendants to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. Specifically, plaintiff claims defendants are out of compliance in the following respects: (1) there were no accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG); (2) although there is a parking space suggesting that persons with disabilities can park in it, this parking space and access aisle shared by MTS and JA have faded beyond recognition and there is a sign that says Van Accessible; (2) the designated parking space does not contain a NO PARKING warning; (3) the lot is not maintained and there is no policy for maintained or ensuring parking for persons with disabilities is usable; (4) the path of travel to the walkway in front of the JA business office required a person to navigate a step for which there was no ramp; (5) the only way to access the JA business office entrance from the walkway was by going up a flight of stairs; (6) the entrance door hardware at MTS had a pull bar style handle that required tight grasping to operate. As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

## IV.   Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's June 18, 2020 motion for discovery sanctions (ECF No. 23) be GRANTED

1 and the July 1, 2020 motion to compel (ECF No. 25) be DENIED as MOOT;

2     2. The court enter judgment against the defendants on the complaint's claims in the amount of $32,000 as well as an award of attorneys' fees and costs to be determined by a subsequent motion;

    3. Defendants make changes and accommodations at the subject property located at or 3805 Florin Road, Sacramento, to correct the specific violations identified above in compliance with the Americans with Disabilities Act Accessibility Guidelines; and

    4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 1, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE